[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This lawsuit involves the occupancy and sale of a property known as 245 Lakeside Drive, Lebanon, Connecticut. Pursuant to a document entitled "Residential Lease with Option to Purchase," the plaintiff, Toni Silvia, leased from the defendant, Emil Stone, the property as aforementioned. The terms of the agreement provide that the occupancy would commence on July 1, 1997 and last for a period of six months. Rental was to be paid monthly at the rate of $400 in advance. There is a provision handwritten under paragraph 8 of said agreement, which provides that "house is as is." In addition, the agreement provides that the lessee (plaintiff) shall have the option to purchase the property for the total price of $55,000. The closing would take place 60 days from the exercise of the option and the option expired per the terms of the agreement on January CT Page 9181 1, 1997.
At the time that the parties entered into the agreement, it is undisputed that the property was in poor repair. The testimony is that there was no electrical service, no water, a poorly working septic system, and inadequate heating. As a result of those conditions, the plaintiff expended substantial sums prior to moving in for electrical work, plumbing, and for the purchase of water on several occasions to fill the well. She also arranged for propane heat because the electrical amperage was insufficient to operate the electric heat system which was in existence.
Plaintiff testified that she made several efforts in order to secure financing for the purchase of the property. The result of those efforts was that she was rejected from three separate lending institutions during the time that the option was in effect, and rejected from another institution after the expiration of the option. There was also evidence that the plaintiff had expected settlement from an accident case which would have allowed her to purchase the property without a mortgage, which settlement apparently did not come to fruition.
The plaintiff has testified that she spent a substantial amount of money in repairs to the property after moving in. The sums consist primarily of funds expended for plumbing and electrical services and for recurring difficulties in the water supply to the property.
In her complaint, at paragraph 5, the plaintiff alleges that she would have tendered the purchase price of the house, but for the fact the defendant refused to have the plumbing and well system of the premises repaired. In her claim for relief, aside from money damages, the plaintiff requests a "permanent injunction restraining the defendant from interfering with the possession of the premises by the plaintiff and from encumbering or otherwise dispersing [sic] of the premises or the record title thereto." The plaintiff further claims "an order requiring the defendant's specific performance of the contract between the parties and/or a court order vesting title of the premises in plaintiff upon payment of an amount deemed to be fair and equitable."
In reviewing the evidence, the plaintiff has failed to prove that it was the defendant's responsibility to make repairs to the plumbing, electrical, and well system of the property. Plaintiff has further failed to prove that those repairs would have put the plaintiff in a position where she would have been able to tender the sum of $55,000.
The plaintiff has also failed to prove they are entitled to their claim for specific performance of their contract. In order to prevail on a CT Page 9182 claim of specific performance, the lessee must have properly exercised its option rights. See State v. Lex Associates, 248 Conn. 612 (1999);Heyman v. CBS, Inc., 178 Conn. 215, 432 A.2d 887 (1979).
Accordingly, judgment shall enter for the defendant, Emil Stone, on the plaintiff's complaint.
As to the cross claim filed by the defendant, the court finds that the defendant failed to prove the allegations contained therein. Accordingly, judgment shall enter for the plaintiff on the defendant's cross claim.
Robaina, J.